**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff FLSA Collective Plaintiffs, and the Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PABLO OTILIO MORAN, *on behalf of himself, FLSA Collective Plaintiffs, and the Class,*<br><br>Plaintiffs,<br><br>v.<br><br>RESTAURANT 597, INC.<br>    d//b/a BUS STOP CAFE,<br>and ANASTASIOS HATZIIONNIDIS,<br><br>Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff, PABLO OTILIO MORAN (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant, RESTAURANT 597 INC. d/b/a BUS STOP CAFE, (collectively, "Corporate Defendant"), and ANASTASIOS HATZIIONNIDIS, ("Individual Defendant"), (collectively, "Defendants"), and state as follows:

**INTRODUCTION**

1.  Plaintiff alleges, pursuant to the Fair Labor Standards Act as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time-shaving; (2) improper meal credit

deductions; (3) unlawfully retained gratuities; (4) liquidated damages; and (5) attorney's fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time-shaving; (2) improper meal credit deductions; (3) unlawfully retained gratuities; (4) unpaid spread of hours premium; (5) statutory penalties; (6) liquidated damages; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. At all relevant times herein, Plaintiff PABLO OTILIO MORAN ("Plaintiff"), was and is a resident of Bronx County, New York.

6. Defendants collectively own and operate Bus Stop Cafe (the "Restaurant") at 597 Hudson Street, New York, New York 10014.

7. Defendants operate the Restaurant through Corporate Defendant RESTAURANT 597 INC.

8. Corporate Defendant, RESTAURANT 597 INC. d/b/a BUS STOP CAFE is a domestic business corporation organized under the laws of New York with a principal place of business and address for service of process at 597 Hudson Street, New York, NY 10014.

9. Individual Defendant ANASTASIOS HATZIIONNIDIS is the owner and chief executive officer of Corporate Defendant. ANASTASIOS HATZIIONNIDIS exercises operational control as it relates to all employees, including Plaintiff. ANASTASIOS HATZIIONNIDIS frequently visits the Restaurant. ANASTASIOS HATZIIONNIDIS exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff. At all times, employees of the Restaurants could complain to ANASTASIOS HATZIIONNIDIS directly regarding any of the terms of their employment, and ANASTASIOS HATZIIONNIDIS would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. ANASTASIOS HATZIIONNIDIS exercised functional control over the business and financial operations of Corporate Defendant. ANASTASIOS HATZIIONNIDIS had the power and authority to supervise and control supervisors of Plaintiff, and could reprimand employees.

10. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA, NYLL, and regulations thereunder.

11. At all relevant times, the work performed by Plaintiff FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt, front-of-house and back-of-house employees (including delivery persons, servers, runners, bussers, bartenders, cashiers, porters, cooks, line-cooks, food preparers, stock persons,, and dishwashers) employed by Defendants on

or after the date that is six years before the filing of the Complaint in this case, as defined herein (herein, "FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiffs and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in depriving employees of their wages, including overtime, due to time-shaving. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. A subclass of tipped employees has a claim for: (i) unpaid wages due to an invalid tip deduction; (ii) unlawfully retained gratuities; (iii) failing to pay wages, including overtime, due to time-shaving; (iv) improper meal credit deductions (v) liquidated damages; and (v) attorney's fees and costs. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiff brings claims for relief pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt, front-of-house and back-of-house employees (including delivery persons, servers, runners, bussers, bartenders, cashiers, porters, cooks, line-cooks, food preparers, stock persons,, and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case, as defined herein (the "Class

Period").

16. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently based are within the sole control of Defendants. There is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees ("Tipped Subclass") who also number more than forty (40). Plaintiff PABLO OTILIO MORAN is a member of the Class and the Tipped Subclass.

18. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of: (i) failing to pay wages due to invalid tip deductions; (ii) unlawfully retained gratuities; (iii) failing to pay wages, including overtime, due to time-shaving; (iv) failing to pay spread of hours premium per requirement of NYLL; (v) failing to provide proper wage statements per requirements of NYLL;  and (vii) failing to properly provide wage notices to Class members, at the date of hiring and annually, per requirements of NYLL.

19. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

20. With regard to Plaintiff and the Tipped Subclass, Defendants also failed to pay the proper wages because Defendants were not entitled to deduct any portions of the tips they earned under NYLL. Plaintiff PABLO OTILIO MORAN and the Tipped Subclass similarly suffered from Defendants' failure to pay the proper wages due to Defendants' invalid tip deduction, because Defendants (i) unlawfully deducted portions of the tips earned by Plaintiff and Tipped Subclass members; and (ii) illegally retained tips of Plaintiff and Subclass members.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to

redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendants and other employers throughout the state violate New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed Plaintiff and the Class within the meaning of New York law and applicable state laws;

    b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

c.  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

d.  Whether Defendants properly notified Plaintiff and Class members of their hourly rates;

e.  Whether Defendants properly compensated Plaintiff and Class members for all hours worked;

f.  Whether Defendants operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs, and Class members for all hours worked;

g.  Whether Defendants properly paid employees their corresponding Spread of Hours premium as required under NYLL;

h.  Whether Defendants improperly deducted meal credits from the wages of Plaintiff and Class members;

i.  Whether Defendants illegally retained gratuities of Plaintiff and Class members;

j.  Whether Defendants provided proper wage statements informing all non-exempt employees of information required to be provided on wage statements as required under NYLL and applicable state laws; and

k.  Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of NYLL and applicable state laws.

## STATEMENT OF FACTS

25. In or around June 2012 Plaintiff was hired by Defendants to work as a dishwasher and delivery person at Defendants Bus Stop Cafe, located at 597 Hudson Street, New York, NY 10014. Plaintiff is still presently employed by Defendants.

26. In addition to Plaintiff's duties as a dishwasher and delivery person, Plaintiff is also required to clean the kitchen, help cooks with cutting fruit and vegetables, move furniture throughout the Restaurant and also set up the Restaurants' patio area.

27. During his employment with Defendants, Plaintiff was compensated at the prevailing minimum wage. In addition, Plaintiff also received tips relating to his work as a delivery person.

28. From the start of his employment, until March 2020, Plaintiff was scheduled to work five (5) days per week from 7:00 a.m. to 3:00 p.m. for a total of forty (40) hours, per week. FLSA Collective Plaintiffs and Class members worked similar hours.

29. However, following a disagreement with his manager Ricky [Last Name Unknown], Plaintiff's hours have been reduced from March 2020 to the present. As a result, Plaintiff is scheduled to work from 7:00 a.m. to 3:00 p.m., three (3) days per week for a total of forty (24) hours per week.

30. Throughout Plaintiff's employment, Plaintiff was required to arrive for work thirty (30) minutes before the start of his regularly scheduled shift in order to begin delivery preparations for the day. However, Defendants never compensated Plaintiff for this time. Therefore, due to Defendants' time shaving practices, Plaintiff was not paid significant overtime wages. FLSA Collective Plaintiffs and Class members were similarly required to arrive for work prior to the start of their regularly scheduled hours, but Defendants did not compensate them for this time.

31. Additionally, during the entire duration of Plaintiff's employment, although Plaintiff was responsible for clocking himself in, Defendants always clocked out for Plaintiff at the end of his scheduled shift. Defendants invariably clocked Plaintiff out at 3 p.m. exactly. On most days, however, because of last-minute deliveries that came in, which Plaintiff was required to complete, Plaintiff continued working up to thirty (30) minutes beyond his scheduled shift but was not compensated for this time. As a result of Defendants' clocking Plaintiff out prior to the actual time at which he completed his work, Defendants time-shaved Plaintiff's wages. FLSA Collective Plaintiffs and Class members were similarly time-shaved due to Defendants' practices of clocking employees out at the conclusion of their shifts, while still requiring employees to continue performing work.

32. At all relevant times, despite the number of hours that Plaintiff actually worked, Defendants always rounded Plaintiff's hours down to the nearest half hour, resulting in significant time shaving of Plaintiff's wages. Defendants similarly subjected FLSA Collective Plaintiffs and Class members to such time shaving by also rounding down their hours to the nearest half hour.

33. During the entire duration of Plaintiff's employment, Defendants automatically deducted a half hour per day from Plaintiff's wages for meal breaks, yet Defendants had a policy of not permitting Plaintiff to take a free and clear meal break despite these automatic meal break deductions. Defendants always interrupted Plaintiff's meal break when deliveries came in. FLSA Collective Plaintiffs and Class members were similarly required to work through their meal breaks despite Defendants automatically deducting thirty (30) minutes from their wages each day for meal breaks which were not free and clear.

34. Plaintiff is usually interrupted during his supposed meal break Plaintiff's manager Ricky [LNU], who instructs Plaintiff that he must deliver the food, notwithstanding that Plaintiff

is on a break. Consequently, Plaintiff never had free and clear meal breaks despite Defendants' daily thirty (30) minute deduction for such time from Plaintiff's wages.

35. Throughout Plaintiff's employment, Defendants deducted $12.45 per week as a meal credit. However, on most days Plaintiff was not provided with any meal, nor any time to eat a meal. Any meals that were provided were made up of one or at most two of the four required food groups. These meals were not edible. FLSA Collective Plaintiffs and Class members were similarly improperly deducted meal credits from their wages each week being because they were not provided time to eat such meals, and further because the meals did not satisfy all of the required food groups and were inedible.

36. During Plaintiff's employment, in addition to his regular hourly compensation, Plaintiff also received tips for performing work as a delivery person. At all times Defendants always improperly retained a portion of Plaintiff's tips. When Plaintiff questioned Defendants about this issue, Defendants never gave him a clear answer as to why the amount of tips he received never matched up with the tips he was paid with his weekly wages. Similarly, Defendants also retained portion of the tips of F FLSA Collective Plaintiffs and Class members.

37. At all times, Plaintiff regularly worked shifts exceeding ten (10) hours in duration. However, he never received any spread of hours premium for working such shifts, as required under NYLL. Class members who worked shifts longer than ten (10) hours in duration were also not paid spread of hours premiums.

38. At no time during the relevant periods did Defendants provide Plaintiff with proper wage statements as required by NYLL. Similarly, Class members were not provided with proper wage statements.

39. At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper wages notices, at the beginning of employment and annually thereafter, as required by NYLL.

40. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of NYLL.

41. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by NYLL.

42. Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premium to Plaintiff or Class members, in violation of NYLL.

## STATEMENT OF CLAIM
## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

43. Plaintiff realleges and reavers Paragraphs 1 through 42 of this Class and Collective Action Complaint as fully set forth herein.

44. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

46. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

47. At all relevant times, Defendants had a policy and practice that failed to pay wages, including overtime, to Plaintiff and FLSA Collective Plaintiffs due to time-shaving policies.

48. At all relevant times, Defendants had a policy and practice of unlawfully retaining the gratuities of Plaintiff and FLSA Collective Plaintiffs.

49. At all relevant times, Defendants had a policy of improperly automatically deducting meal credits from the daily wages of Plaintiff and FLSA Collective Plaintiffs.

50. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case, and if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

51. Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, when Defendants knew or should have known such was due.

52. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

53. As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

54. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages due to time shaving, improper meal break deductions, improper meal credit deductions, invalid tip deductions, illegally retained gratuities, plus an equal amount as liquidated damages.

55. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable

attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## **VIOLATION OF NEW YORK LABOR LAW**

56.     Plaintiff realleges Paragraphs 1 through 55 of this Class and Collective Action Complaint as if fully set forth herein.

57.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

58.     At all relevant times, Defendants had a policy and practice that failed to pay wages, including overtime, to Plaintiff and Class members due to time-shaving policies.

59.     Defendants willfully violated the rights of Plaintiff and Class members by retaining gratuities, in direct violation of NYLL.

60.     Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premium to Plaintiff and Class members, for shifts lasting longer than ten (10) hours, as required under NYLL.

61.     At all relevant times, Defendants had a policy of improperly automatically deducting meal credits from the daily wages of Plaintiff and Class members.

62.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members proper wage notice, at date of hiring and annually thereafter, as required under NYLL.

63.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff proper and Class members proper wage statements, as required under NYLL.

64. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and Class members their proper wages, including overtime, as required under NYLL.

65. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid wages, including unpaid overtime wages, due to time shaving, improper meal break deductions, improper meal credit deductions, invalid tip deductions, illegally retained gratuities, damages for unreasonably delayed payments, reasonable attorney's fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime under FLSA and NYLL;

d. An award of unpaid spread of hours pursuant to NYLL;

e. An award of unreimbursed tools of the trade under NYLL;

f. An award of statutory penalties, prejudgment, and post judgment interest, costs, and expenses of this action together with reasonable attorney's fees and expert fees and statutory penalties; and

g. Designation of Plaintiff as Representatives of FLSA Collective Plaintiffs;

h. Designation of Plaintiff as Representatives of the tipped Subclass members;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiff as Representatives of the Class; and

k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: June 10, 2022
New York, New York

Respectfully submitted,

By: /s/ *CK Lee*

C.K. Lee, Esq.
**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 W. 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff*
*FLSA Collective Plaintiffs*
*and the Class*